**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

August 26, 2019

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Heleen Mees v. City of New York, et al.*, 19 Civ. 7346 (AJN)

Dear Judge Nathan:

I am an Assistant District Attorney at the New York County District Attorney's Office and counsel for the following defendants in the above-captioned matter: "Manhattan District Attorney's Office," District Attorney Cyrus R. Vance, Jr., Assistant District Attorneys Nitin Savur and Jeanine Launay, and former-Assistant District Attorney Samantha Schott (collectively, "DA defendants"). I write to respectfully request that the Court grant the DA defendants a 60-day extension of time, from August 28, 2019 to October 28, 2019, to respond to the complaint and, further, that the Court endorse the enclosed order unsealing the files related to the underlying prosecution of plaintiff Heleen Mees. I have spoken to Ms. Mees, who is proceeding *pro se*, and she consents to both requests.

This case arises from the prosecution of Ms. Mees on harassment charges based on allegations lodged by her former boyfriend, Willem Buiter, that Ms. Mees sent him sexually explicit emails and nude photographs. ECF 1 [Complaint] at ¶¶13-14, 25. Ms. Mees denies that she sent the emails and photographs and maintains that she was falsely accused of doing so by Mr. Buiter, who took the photographs himself during the course of their relationship. *Id.* at ¶¶14-15, 18, 25. The prosecution of Ms. Mees was resolved with an adjournment in contemplation of dismissal ("ACD"). *Id.* at ¶16.

By this lawsuit, Ms. Mees seeks a declaration that the District Attorney's Office violated her constitutional rights by allegedly failing to disclose, in the course of the prosecution, material and exculpatory evidence in the form of 1,251 photographs which, according to the complaint, have been subject to forensic analysis confirming that they were not taken by Ms. Mees. *Id.* at ¶¶21-22, 27, 44. Ms. Mees further seeks

a declaration "vacating" the Criminal Court order entering judgment on the ACD and either restoring her prosecution to the calendar, or, dismissing it outright. *Id.* at ¶44.

The DA defendants respectfully request an extension of time to respond to the complaint so that we can investigate Ms. Mees' allegations. The events relating to Ms. Mees' claim span several years of litigation in our Criminal Court; in Kings County Supreme Court in connection with a civil suit filed by Ms. Mees against Mr. Buiter; and in this Court in connection with an application filed by Ms. Mees to obtain discovery of the photographs from Mr. Buiter. *Id.* at ¶¶17-18, 21. Further, given the expiration of the adjournment period for the ACD, the records of the Police Department and the District Attorney's Office relating to Ms. Mees' arrest and prosecution are statutorily sealed. The requested extension will enable the undersigned, once in receipt of an unsealing order, to review these records so that the DA defendants can meaningfully respond to Ms. Mees' allegations. On a related note, the DA defendants ask that the Court endorse the enclosed unsealing order, submitted with Ms. Mees' consent, so that we can access the records underlying this lawsuit.

For these reasons, the DA defendants respectfully request a 60-day extension of time, until October 28, 2019, to respond to the complaint. A copy of the proposed unsealed order is enclosed with this letter for Your Honor's consideration.

The DA defendants thank the Court for its consideration of this letter.

                Respectfully submitted,

                /s
                Elizabeth Norris Krasnow
                Assistant District Attorney

To:   Heleen Mees (By E-Mail and Mail)
       30 Main Street, Apt. 11H
       Brooklyn, New York 11201
       heleen@heleenmees.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEEN MEES,<br><br>                             Plaintiff,<br><br>         -against-<br><br>CITY OF NEW YORK, MANHATTAN DISTRICT ATTORNEY'S OFFICE, CYRUS R. VANCE, JR., NITIN SAVUR, JEANINE LAUNAY, SAMANTHA SCHOTT,<br><br>                             Defendants. | **ORDER**<br><br>19 Civ. 7346 (AJN) |

**UPON THE APPLICATION** of defendant Manhattan District Attorney's Office and the individually-named defendants employed by the New York County District Attorney's Office for the unsealing of records pertaining to the July 1, 2013 arrest and prosecution of plaintiff Heleen Mees under New York County Criminal Court Docket No. 2013NY050589, which is protected by New York Criminal Procedural Law §§160.50 and 160.55;

**IT APPEARING** that (1) the information sought by defendants is material and relevant to the above-captioned civil action currently pending in the Southern District of New York brought by plaintiff Heleen Mees and being defending by the District Attorney's Office, and (2) the court has the inherent authority to unseal these records in connection with this action, *see Schomburg v. Bologna*, 298 F.R.D. 138, 141 (S.D.N.Y.

1

2014) ("Federal courts can and commonly do order production of documents sealed under Section 160.50");

**IT IS HEREBY ORDERED** that the following records pertaining to the July 1, 2013 arrest and prosecution of plaintiff Heleen Mees under New York County Criminal Court Docket No. 2013NY050589 are unsealed pursuant to New York Criminal Procedure Law §§160.50 and 160.55 and may be made available for use in this civil action: (1) documents and/or files in the custody of the New York City Police Department; (2) documents and/or files in the custody of the New York County District Attorney's Office; (3) documents and/or files in the custody of the Supreme, Criminal Courts, and/or Family Courts of the State of New York; (4) documents and/or files in the custody of the New York City Department of Corrections; and (5) any other documents in the possession of any other agency, investigatory body, or individual relating to the above;

**IT IS FURTHER ORDERED** that the aforementioned records shall be made available to the New York County District Attorney's Office for the purpose of defending against plaintiff's claims in this civil suit and that this Order will expire at the end of the litigation.

Dated:      New York, New York
            _____, 2019

_____
HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE