CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART JURY 5
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

        -against-                            DECISION AND ORDER
                                            DOCKET NO.: 2013NY050589
HELEEN MEES,

        Defendant.
------------------------------------------------------------------X
STEVEN M. STATSINGER, J.

      Defendant was charged with Menacing in the Second Degree, in violation of Penal

Law §120.14(2), Stalking in the Third Degree, in violation of Penal Law §120.50(3),

Aggravated Harassment in the Second Degree, in violation of Penal Law §240.30(1)(a),

Stalking in the Fourth Degree, in violation of Penal Law §120.45(2), and Harassment in the

Second Degree, in violation of Penal Law §240.26(3).  On March 10, 2014, she accepted an

adjournment in contemplation of dismissal ("ACD").  Upon the expiration of the ACD on

March 9, 2015, the matter was dismissed and sealed.  Defendant now petitions for a writ

of error coram nobis, seeking to vacate the ACD.  For the reasons discussed below, the

Court DENIES the motion to vacate the ACD.

I.  FACTUAL BACKGROUND

A.  The Allegations

      According to the amended Superseding Information, filed on August 19, 2013,

defendant directed numerous telephone calls, emails and Facebook messages to the

complainant, with whom she had been in a intimate relationship,  despite his request that

she cease all communication with him.   Defendant also went to the complainant's apartment building in New York City, and tried to be let up to his apartment.

B.  Legal Proceedings

On July 2, 2013, defendant was arraigned on a misdemeanor complaint charging her with Stalking in the Third Degree, in violation of Penal Law §120.50(3), Aggravated Harassment in the Second Degree, in violation of Penal Law §240.30(1)(a), two counts of Stalking in the Fourth Degree, in violation of Penal Law §120.45(1) and (2), and Harassment in the Second Degree, in violation of Penal Law §240.26(3).   Bail was set, and the case was adjourned to July 5, 2013 for conversion, specifically a supporting deposition from the complainant.

On August 19, 2013, the People filed a Superseding Information, sworn out by the complainant, charging the defendant with Menacing in the Second Degree, in violation of Penal Law §120.14(2), Stalking in the Third Degree, in violation of Penal Law §120.50(3), Aggravated Harassment in the Second Degree, in violation of Penal Law §240.30(1)(a), Stalking in the Fourth Degree, in violation of Penal Law §120.45(2), and Harassment in the Second Degree, in violation of Penal Law §240.26(3).

On March 10, 2014, defendant accepted an ACD.   Upon expiration of the ACD on March 9, 2015, the case was dismissed and sealed.

## II.  DISCUSSION

### A.  Defendant's Arguments

Defendant petitions for a writ of error coram nobis , seeking to vacate the ACD on the ground that the complainant committed the offense of unlawful surveillance, and obtained 1251 naked photos of the defendant, which he then accused the defendant of sending to him.  (Mees Aff. ¶ 4).  Defendant alleges that the complainant told the police that defendant harassed him by sending the naked photos, and incited the police to arrest the defendant based on the photos.  (Mees Aff. ¶ 4).  The Court would note that the Superseding Information makes no mention of those photographs, and therefore, those photographs, if they exist at all, were not the basis for any of the charges.

Defendant also argues that her attorney was ineffective because he did not move to vacate the ACD in 2014, even though she requested that he do so.  (Mees Aff. ¶ 11).

### B. Defense Counsel Was not Ineffective

For several reasons, defendant's ineffectiveness claim fails. First, defendant has failed either to submit an affidavit from the attorney who represented her when she accepted the ACD, or offer an explanation for her failure to do so.  See People v. Morales, 58 N.Y.2d 1008, 1009 (1983) ("Because defendant failed to submit an affidavit from the attorney who represented him at plea and sentence or offer an explanation of his failure to do so, it cannot be said that as to defendant's failure to appeal the *coram nobis* Judge erred

in denying the application without a hearing."); <u>People v. Johnson</u>, 292 A.D.2d 284, 285 (1st Dept. 2002).

Furthermore, the defendant received "meaningful representation." <u>People v. Benevento</u>, 91 N.Y.2d 708, 712 (1998). Defense counsel procured an advantageous disposition for the defendant that avoided exposing her to a criminal record - with all of its attendant collateral consequences - and a potential jail sentence for a class A misdemeanor. Defendant has not "convince[d] the Court that a rejection of the [ACD] and exposure to a potentially lengthy prison sentence on [an A misdemeanor], if convicted after trial, . . . would have been rational." <u>People v. Rigg</u>, 27 Misc.3d 1231(A) *4 (County Ct. Sullivan County 2010), <u>see also</u> <u>People v. Valestil</u>, 27 Misc.3d 1234(A) *3 (Crim. Ct. Kings County 2010).

<u>C. Writ of Error Coram Nobis is Unavailable in this Case</u>

In any event, coram nobis relief is unavailable in this case. "The codification of criminal procedures in this State subsumed most of the common-law post-conviction collateral remedies under CPL 440.10, but the Legislature did not expressly abolish the common-law writ of coram nobis or necessarily embrace all of its prior or unanticipated functions with CPL 440.10. " <u>People v. Bachert</u>, 69 N.Y.2d 593, 599 (1987), <u>see also</u> <u>People v. Andrews</u>, 23 NY3d 605, 611 (2014); Peter Preiser, 2010 Practice Commentary, McKinney's Cons Laws of NY, CPL 440.10. As such, a writ of error coram nobis is unavailable in situations covered by CPL 440.10, <u>id.</u>, and a prerequisite to its availability is that a

4

conviction has been entered against the defendant. <u>People v. Dionisiou</u>, 24 Misc.2d 338, 340

(Court of General Sessions, New York County 1960); <u>People v. King</u>, 2 Misc.2d 187, 188

(County Court, Sullivan County 1954).

Here, a conviction was not entered against the defendant. A conviction "means the

entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than

a felony complaint, or to one or more counts of such instrument." CPL §1.20(13). An ACD

is not a conviction or an admission of guilt. CPL §170.55(8). As such, the remedy of coram

nobis is unavailable in this case.

<u>D. ACD cannot be vacated</u>

Even if coram nobis relief were available here absent a conviction, the motion would

still be denied. After the expiration of the adjournment period, the matter was dismissed

and sealed by the Court in the furtherance of justice. CPL §§170.55(2); 160.50(3)(b). The

arrest and prosecution are, therefore, deemed a nullity. CPL §170.55(8). "The Court is

without the authority to grant the motion since the matter was dismissed and sealed back

in [2015]. . . . [T]here is nothing to reopen." <u>People v. Anonymous</u>, 34 Misc3d 1231(A) *2

(Troy City Court 2012).

<u>C. Conclusion</u>

For the foregoing reasons, the defendant's motion to vacate the ACD via a writ of

error coram nobis is denied.

5

## III.  CONCLUSION

The defendant's petition for a writ of error coram nobis is denied..  Defendant's request for oral argument is also denied.

This constitutes the Decision and Order of the Court.

Dated:  July 2, 2018
       New York, New York

Steven M. Statsinger
Judge of the Criminal Court