

CRIMINAL COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: PART D

-------------------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

                                                    **NOTICE OF PETITION**

                    -against-                       NO. 2013NY050589

                                                    Honorable Steve Statsinger

HELEEN MEES,
                                                    Oral argument requested ☑

                              Defendant.
-------------------------------------------------------------------------x

**PLEASE TAKE NOTICE** that upon the annexed affidavit, duly affirmed on the 29th day of

November, 2018, upon the indictment and upon all those proceedings previously had herein,

Defendant **Heleen Mees** will move this Court at the Courthouse, 100 Centre Street, New York,

New York, before the Honorable Steven Statsinger, at a date and time to be fixed by the Court, for

a writ of error *coram nobis* relief.

     **PLEASE TAKE FURTHER NOTICE**, that Defendant reserves the right to make such

further motions pursuant to CPL § 255.20 (2) & (3) as may be necessitated by the Court's decision

on the within motion and by further developments which, even by due diligence, Defendant could

not now be aware.

Dated: November 29, 2018

Signature

HELEEN MEES
THE SWEENEY BUILDING
30 Main Street, Apt. 11H
Brooklyn, New York 11201
heleen@heleenmees.com
(917) 325-5877

*Defendant Pro Se*

To:   Clerk of the Court
      Hon. Steven Statsinger
      District Attorney's Office

CRIMINAL COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: PART D
--------------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

**AFFIRMATION IN
SUPPORT OF AMENDED
PETITION FOR WRIT OF
CORAM NOBIS RELIEF**

-against-

NO. 2013NY050589

HELEEN MEES,

                         Defendant.
--------------------------------------------------------------------------------x

## AMENDED PETITION FOR WRIT OF CORAM NOBIS RELIEF
## VACATE ADJOURNMENT IN CONTEMPLATION OF DISMISSAL

1.     I am the defendant *pro se* in this case. On February 22, 2018, Your Honor denied

my motion to direct the District Attorney's Office to reopen the instant case pursuant to C.P.L. §

160.50(1)(d)(ii). On July 2, 2018, Your Honor denied my petition for writ of *coram nobis* relief.

On October 30, 2018, Your Honor denied my motion pursuant to CPL § 440.10(1)(h). Hereby, I

file an amended petition for writ of *coram nobis* relief.

2.     My counsel, Ira D. London Esq., advised me that there would be no adverse effects

of the ACD for my visa status and border control. My counsel also told me that my record would

be sealed. This is simply untrue.

3.     Every time I enter the United States, I must go through secondary inspection, that

is, I am being detained at the U.S. border almost on a monthly basis. According to U.S. Customs

and Border Control officers, I must go through secondary inspection until I reach the age of 95. It

means that I received a life sentence of being detained at the border upon entering the country. I

have contacted the office in Albany that is charged with the sealing of criminal records in New York State, and they say that my record is sealed. I have contacted the Department of Homeland Security, but they say nothing changes as long as the ACD is not vacated. The record is thus only sealed under New York law, not under federal law.

4.       In January 2016, almost a year after my ACD had expired, I had great difficulty renewing my journalist visa even though I had been a legal resident of the United States for 16 years. I never had any difficulty renewing my U.S. visa before. The officers of the U.S. Consulate-General in Amsterdam wanted to see all the documents in the criminal file even after my counsel affirmed that the arrest and prosecution should be deemed a nullity. Only after handing over all the documents and coming in for an interview with the U.S. consul-general in Amsterdam, I got a new visa, but it has a special stamp saying CLASS RECORD REVIEWED – NO INELIGIBILITY REVEALED. This was still under the Obama administration. My visa is up for renewal in 2021. The current administration may well deny my application because of the ACD.

5.       According to leading legal scholars, the New York ACD can be considered a "conviction" for the purpose of U.S. immigration law. Under the Immigration and Nationality Act (INA) Section 101(a)(48)(A), a conviction occurs when:

1) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt; or,
2) the judge has ordered some form of <u>punishment</u>, <u>penalty</u>, or <u>restraint</u> on the alien's liberty to be imposed. (emphasis added)

While I did not enter a guilty plea, the fact that this Court imposed *mandatory* therapy sessions may be interpreted as a conviction under federal law. This is not only true for the Immigration and Nationality Act but for other federal statutes as well.

6.      My counsel did not inform me of any adverse collateral consequences of an ACD respecting future work permits and border control. *See* Exhibit A, ¶4. This is a serious omission by counsel. *See Smith v. Bank of Am. Corp.*, 865 F. Supp. 2d 298 (E.D.N.Y. 2012) (holding that plaintiff's state criminal attorney's omission to inform plaintiff of the adverse collateral consequences of an ACD respecting future employment constitutes a serious omission). In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the U.S. Supreme Court held that a constitutionally competent counsel would have advised the defendant about the collateral consequences of a plea.

7.      Equally problematic is that my counsel failed to move this Court to undo the ACD before it expired on March 10, 2015, even though I asked him to. *Id.*, ¶3. According to the Court of Appeals, when defense counsel disregards client's timely request to file a notice of appeal, the attorney "acts in a manner that is professionally unreasonable" (*Roe v. Flores-Ortega*, 528 US 470, 477). *See People v. Syville*, 15 N.Y.3d 391, 397 (N.Y. 2010). The same must apply to my counsel's declination to timely move this Court to vacate the ACD.

8.      While the ACD might have been a proper resolution absent the 1,251 unlawful surveillance images in the criminal file, the ACD was no longer rational when it became clear that I was the victim of a felony sex crime rather than the perpetrator. As I explained in my motion pursuant to CPL § 440.10(1)(h), the 1,251 unlawful surveillance images in the criminal record are material exculpatory evidence and go to my guilt or innocence or punishment. The People should have turned the 1,251 nude photos over during plea discussions. The failure to do so is yet another violation of my constitutional rights. *See People v. Martin*, 240 AD2d 5 (1st Dept., 1998). It is a fundamental precept, acknowledged centuries before the criminal justice system was even created, that the governing laws in criminal matters must protect the innocent accused of a crime from injustice. *See Coffin v. United States*, 156 US 432, 454 (U.S. 1895) (citing Roman law).

3

9.     The right to effective assistance of counsel settled under both the Federal and State Constitutions. *See People v. Bachert*, 69 N.Y.2d 593 (N.Y. 1987). The Court of Appeals recognized the writ of *coram nobis* as the best available remedy under all the circumstances. The Court of Appeals held that inasmuch as the Criminal Procedure Law failed to anticipate and to provide for a particular situation, the remedy lies in the invocation and determination of the traditional writ of *coram nobis*. *Id.*.

10.    The Court of Appeals has not hesitated to expand the scope of *coram nobis* when necessary to afford the defendant a remedy in those cases in which no other avenue of judicial relief appeared available. *See People v. Hairston*, 10 N.Y.2d 92, 93-94. The Court of Appeals afforded the defendant writ of *coram nobis* relief in a case where counsel failed to prosecute the appeal despite the appellant's wishes that he do so. *See People v. Syville*. This should *mutatis mutandis* apply to my counsel's failure to move this Court to vacate the ACD before it expired. This Court should also consider that the People deliberately thwarted me by running out the clock on me and telling me that the ACD could still be undone after it had expired. *See People v. Johnson*, 69 NY2d 339, 341-342 (N.Y. 1987); *People v. Thomas*, 47 NY2d at 43 (N.Y. 1979).

11.    The City Court of Troy denied a CPL § 440.10 bid to vacate an ACD, holding that 'the matter was dismissed and sealed back in [2015] ... There is nothing to reopen.' *See People v. Anonymous*, 34 Msc3d 1231(A) *2 (Troy City Court 2012). The decision by the City Court of Troy is clearly at odds with CPL § 160.50(ii), which states that the records will be made available to a law enforcement agency if justice requires that. Both cannot be true at the same time. Either there is nothing to reopen or the records will be made available if justice so requires.

4

12.     This Court should not perpetuate the myth that an ACD renders the arrest and prosecution a nullity. *See Smith v. Bank of Am. Corp.* (holding that Bank of America in New York correctly withdrew an offer of employment after an FBI-background check revealed that plaintiff had been arrested and charged with petit larceny even though the case had been discontinued by way of an ACD). As I set out in my previous motion, this Court must ensure my right to due process under the United States Constitution and the Constitution of New York.

## CONCLUSION

WHEREFORE, for the foregoing reasons and the reasons set out in my prior motions, I respectfully petition for writ of *coram nobis* relief to vacate the Adjournment in Contemplation of Dismissal, and that this Court issue any other relief it deems just and equitable.

Dated: Amsterdam, the Netherlands
         November 29, 2018

Signature,

Heleen Mees
Defendant *Pro Se*

To:     Clerk of the Court
         Hon. Steven Statsinger
         District Attorney's Office

*VERIFICATION PAGE FOLLOWS*

5

VERIFICATION PURSUANT TO CPLR § 2106(b)

I affirm this 29th day of November 2018, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Signature,

Heleen Mees
Defendant *Pro Se*

6

# EXHIBIT A

CRIMINAL COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: PART D
--------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

                                            **AFFIRMATION OF
IRA D. LONDON ESQ.**

          -against-                              NO. 2013NY050589

               HELEEN MEES,
                           Defendant.
--------------------------------------------------------------------------x

      IRA D. LONDON, an attorney duly admitted to practice law before the Courts of this State, affirms as follows pursuant to CPLR 2106:

      1.     I represented the defendant, Heleen Mees ("Mees"), in the above-referenced matter. On March 10, 2014, I secured an Adjournment in Contemplation of Dismissal ("ACD") for her. The case was set for dismissal on March 9, 2015.

      2.     On October 13, 2014, my client discovered that the complaining witness, Willem H. Buiter, had used 1,251 unlawful surveillance images of my client to secure her arrest and prosecution. Ever since the finding of the 1,251 unlawful surveillance images, Mees has insisted that she wanted the ACD to be undone and go to trial in case the Manhattan District Attorney's office would not dismiss the charges of its own volition. Mees sent me several emails to that extent, including on November 19, 2014, and January 15, 2015.

      3.     When the Manhattan District Attorney's office informed Mees on February 10, 2015, that the charges would not be dismissed, Mees asked me the following day in a conference call to move the Court to vacate the ACD but I declined to do so.

4.      In January 2016, Mees, a citizen of the Netherlands, had difficulty renewing her

United States work visa even though I had previously told that her record in this case should be

sealed. In my experience an ACD has never had any adverse immigration consequences.


New York, New York

Dated: November 27, 2018

_____

Ira D. London Esq.
Law Offices of London & Robin
99 Park Ave.
Suite 2600
New York, NY 10016

2