

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **GENEVIEVE NELSON**<br>*Senior Counsel*<br>phone: (212) 356-2645<br>fax: (212) 356-3509<br>gnelson@law.nyc.gov |

December 4, 2019

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    Heleen Mees v. City of New York et al.
                19 Civ. 7346 (AJN) (KNF)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York ("City") and attorney for Defendant City of New York.[1] Defendants submit this joint letter in response to Plaintiff's letter to the Court dated December 4, 2019 stating that Plaintiff anticipates filing a motion before Your Honor to amend her Notice of Claim.

      First, the consensus in this district is that the federal court does not have jurisdiction to permit Plaintiff to amend the Notice of Claim or grant permission to file a late Notice of Claim. Dayton v. City of Middletown, 786 F. Supp. 2d 809, 824-25 (S.D.N.Y. 2011); see also Kravtsov v. Town of Greenburgh, 2012 U.S. Dist. LEXIS 94819, *76 (S.D.N.Y. July 9, 2012) ("[T]his Court does not have the jurisdiction to consider Plaintiff[']s request for leave to amend or file a late notice [of claim]"); Coleman v. City of Niagara Falls, 2010 U.S. Dist. LEXIS 73089, *22 fn.8 (W.D.N.Y. July 20, 2010) ("[M]ost district courts in the Second Circuit have routinely found that they lack jurisdiction to even consider such an application [to grant leave to amend a Notice of Claim]"). Instead, Plaintiff would have to seek permission from State Court.

      Second, although the complaint uses the phrase "supplemental jurisdiction" (Dkt. Entry No. 1, Complaint ¶ 4), the complaint is based only on a 42 U.S.C. §1983 federal due process

---

[1] Please take notice that this case is assigned to Assistant Corporation Counsel William Gosling, who is presently awaiting admission to the New York State bar and is assigned to this matter under my supervision. Mr. Gosling may be reached directly at 212-356-2384 or wgosling@law.nyc.gov.

- 2 -

claim. Because the Complaint does not allege any state law claims or reference a Notice of Claim, there are no state law claims before the Court and the derivative issue of whether to amend any Notice of Claim is similarly not before the Court.

Defendants respectfully submit that a motion by Plaintiff to amend her Notice of Claim should, in accordance with General Municipal Law §50-e(7), be brought in State Court. Notwithstanding, if the Court would prefer formal motion practice on this issue, Defendants will be prepared to oppose any anticipated motion by Plaintiff.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

Genevieve Nelson
*Senior Counsel*
Special Federal Litigation Division

To: Ms. Heleen Mees (By mail)
*Pro Se Plaintiff*
30 Main Street, Apartment 11H
Brooklyn, New York 11201

Elizabeth Norris Krasnow (By ECF)
*Attorney for Co-Defendants Manhattan District Attorney,*
*Cyrus R. Vance, Nitin Savur, Jeanine Launay,*
*and Samantha Schott*
One Hogan Place
New York, New York 10007