# EXHIBIT J

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART JURY 5
--------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

       -against-                       DECISION AND ORDER
                                         DOCKET NO.: 2013NY050589

HELEEN MEES,

       Defendant.
--------------------------------------------------------------------X
STEVEN M. STATSINGER, J.

      Defendant was charged with Menacing in the Second Degree, in violation of Penal Law §120.14(2), Stalking in the Third Degree, in violation of Penal Law §120.50(3), Aggravated Harassment in the Second Degree, in violation of Penal Law §240.30(1)(a), Stalking in the Fourth Degree, in violation of Penal Law §120.45(2), and Harassment in the Second Degree, in violation of Penal Law §240.26(3).  On March 10, 2014, she accepted an adjournment in contemplation of dismissal ("ACD").  Upon the expiration of the ACD on March 9, 2015, the matter was dismissed and sealed.  Defendant now petitions for a writ of error coram nobis, seeking to vacate the ACD.  For the reasons discussed below, the Court DENIES the motion to vacate the ACD.

## I. FACTUAL BACKGROUND

### A. The Allegations

      According to the amended Superseding Information, filed on August 19, 2013, defendant directed numerous telephone calls, emails and Facebook messages to the complainant, with whom she had been in a intimate relationship, despite his request that

she cease all communication with him.  Defendant also went to the complainant's apartment building in New York City, and tried to be let up to his apartment.

B.  Legal Proceedings

On July 2, 2013, defendant was arraigned on a misdemeanor complaint charging her with Stalking in the Third Degree, in violation of Penal Law §120.50(3), Aggravated Harassment in the Second Degree, in violation of Penal Law §240.30(1)(a), two counts of Stalking in the Fourth Degree, in violation of Penal Law §120.45(1) and (2), and Harassment in the Second Degree, in violation of Penal Law §240.26(3).  Bail was set, and the case was adjourned to July 5, 2013 for conversion, specifically a supporting deposition from the complainant.

On August 19, 2013, the People filed a Superseding Information, sworn out by the complainant, charging the defendant with Menacing in the Second Degree, in violation of Penal Law §120.14(2), Stalking in the Third Degree, in violation of Penal Law §120.50(3), Aggravated Harassment in the Second Degree, in violation of Penal Law §240.30(1)(a), Stalking in the Fourth Degree, in violation of Penal Law §120.45(2), and Harassment in the Second Degree, in violation of Penal Law §240.26(3).

On March 10, 2014, defendant accepted an ACD.  Upon expiration of the ACD on March 9, 2015, the case was dismissed and sealed.

2

II.  DISCUSSION

A.  Defendant's Arguments

Defendant petitions for a writ of error coram nobis , seeking to vacate the ACD on the ground that the complainant committed the offense of unlawful surveillance, and obtained 1251 naked photos of the defendant, which he then accused the defendant of sending to him.  (Mees Aff. ¶ 4).  Defendant alleges that the complainant told the police that defendant harassed him by sending the naked photos, and incited the police to arrest the defendant based on the photos.  (Mees Aff. ¶ 4).  The Court would note that the Superseding Information makes no mention of those photographs, and therefore, those photographs, if they exist at all, were not the basis for any of the charges.

Defendant also argues that her attorney was ineffective because he did not move to vacate the ACD in 2014, even though she requested that he do so.  (Mees Aff. ¶ 11).

B. Defense Counsel Was not Ineffective

For several reasons, defendant's ineffectiveness claim fails. First, defendant has failed either to submit an affidavit from the attorney who represented her when she accepted the ACD, or offer an explanation for her failure to do so.  See People v. Morales, 58 N.Y.2d 1008, 1009 (1983) ("Because defendant failed to submit an affidavit from the attorney who represented him at plea and sentence or offer an explanation of his failure to do so, it cannot be said that as to defendant's failure to appeal the *coram nobis* Judge erred

3

in denying the application without a hearing."); <u>People v. Johnson</u>, 292 A.D.2d 284, 285 (1st Dept. 2002).

Furthermore, the defendant received "meaningful representation." <u>People v. Benevento</u>, 91 N.Y.2d 708, 712 (1998). Defense counsel procured an advantageous disposition for the defendant that avoided exposing her to a criminal record - with all of its attendant collateral consequences - and a potential jail sentence for a class A misdemeanor. Defendant has not "convince[d] the Court that a rejection of the [ACD] and exposure to a potentially lengthy prison sentence on [an A misdemeanor], if convicted after trial, . . . would have been rational." <u>People v. Rigg</u>, 27 Misc.3d 1231(A) *4 (County Ct. Sullivan County 2010), <u>see also</u> <u>People v. Valestil</u>, 27 Misc.3d 1234(A) *3 (Crim. Ct. Kings County 2010).

## C. Writ of Error Coram Nobis is Unavailable in this Case

In any event, coram nobis relief is unavailable in this case. "The codification of criminal procedures in this State subsumed most of the common-law post-conviction collateral remedies under CPL 440.10, but the Legislature did not expressly abolish the common-law writ of coram nobis or necessarily embrace all of its prior or unanticipated functions with CPL 440.10. " <u>People v. Bachert</u>, 69 N.Y.2d 593, 599 (1987), <u>see also</u> <u>People v. Andrews</u>, 23 NY3d 605, 611 (2014); Peter Preiser, 2010 Practice Commentary, McKinney's Cons Laws of NY, CPL 440.10. As such, a writ of error coram nobis is unavailable in situations covered by CPL 440.10, <u>id</u>., and a prerequisite to its availability is that a

conviction has been entered against the defendant.  <u>People v. Dionisiou</u>, 24 Misc.2d 338, 340

(Court of General Sessions, New York County 1960); <u>People v. King</u>, 2 Misc.2d 187, 188

(County Court, Sullivan County 1954).

Here, a conviction was not entered against the defendant.  A conviction "means the

entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than

a felony complaint, or to one or more counts of such instrument." CPL §1.20(13).  An ACD

is not a conviction or an admission of guilt.  CPL §170.55(8).  As such, the remedy of coram

nobis is unavailable in this case.

<u>D.  ACD cannot be vacated</u>

Even if coram nobis relief were available here absent a conviction, the motion would

still be denied.  After the expiration of the adjournment period, the matter was dismissed

and sealed by the Court in the furtherance of justice.  CPL §§170.55(2); 160.50(3)(b).  The

arrest and prosecution are, therefore, deemed a nullity.   CPL §170.55(8).  "The Court is

without the authority to grant the motion since the matter was dismissed and sealed back

in [2015]. . . . [T]here is nothing to reopen."  <u>People v. Anonymous</u>, 34 Misc3d 1231(A) *2

(Troy City Court 2012).

<u>C.  Conclusion</u>

For the foregoing reasons, the defendant's motion to vacate the ACD via a writ of

error coram nobis is denied.

5

III.  CONCLUSION

The defendant's petition for a writ of error coram nobis is denied..  Defendant's

request for oral argument is also denied.

This constitutes the Decision and Order of the Court.


Dated:  July 2, 2018
       New York, New York

                                       Steven M. Statsinger
                                       Judge of the Criminal Court

CRIMINAL COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: PART D
-----------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

**NOTICE OF PETITION**

-against-

NO. 2013NY050589

Honorable Steve Statsinger

HELEEN MEES,

Oral argument requested ☑

Defendant.
-----------------------------------------------------------------------------x

**PLEASE TAKE NOTICE** that upon the annexed affidavit, duly sworn on the 8th day of March, 2018, upon the indictment and upon all those proceedings previously had herein, Defendant **Heleen Mees** will move this Court at the Courthouse, 100 Centre Street, New York, New York, before the Honorable Steven Statsinger, at a date and time to be fixed by the Court, for a petition for writ of coram nobis.

**PLEASE TAKE FURTHER NOTICE**, that Defendant reserves the right to make such further motions pursuant to C.P.L. § 255.20 (2) & (3) as may be necessitated by the Court's decision on the within motion and by further developments which, even by due diligence, Defendant could not now be aware.

2

Dated: March 8, 2018

Signature

HELEEN MEES
THE SWEENEY BUILDING
30 Main Street, Apt. 11H
Brooklyn, New York 11201
(917) 325-5877

*Defendant Pro Se*

To:   Clerk of the Court
      Hon. Steven Statsinger
      District Attorney's Office

3

CRIMINAL COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: PART D
-------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

**AFFIFAVIT IN SUPPORT**
**OF PETITION FOR WRIT**
**OF CORAM NOBIS**

       -against-                           NO. 2013NY050589

HELEEN MEES,

                        Defendant.
-------------------------------------------------------------------------x

## PETITION FOR WRIT OF CORAM NOBIS

### RELIEF VACATE ADJOURNMENT IN CONTEMPLATION OF DISMISSAL

**HELEEN MEES**, defendant *pro se,* declares the following to be true under the penalty of perjury:

    1.      I am the defendant in this case. On February 22, 2018, Your Honor denied my motion to direct the District Attorney's Office to reopen the instant case against me as justice requires unsealing pursuant to C.P.L. § 160.50(1)(d)(ii). See Exhibit A. Your Honor argued that (1) the District Attorney has broad discretion in determining who shall be charged in a criminal case, and (2) prosecutors are not law enforcement agents under C.P.L. § 160.50(1)(d)(ii). See Exhibit B.

    2.      I understand that the District Attorney has broad discretion in determining who shall be charged in a criminal case and I do not wish to challenge that. However, a bedrock principle of U.S. and New York law is that the prosecutor must disclose evidence or information that would prove the innocence of the defendant. *See Brady v. State of Maryland*, 373 U.S. 83 S.

4

Ct. 1194; 10 L. Ed. 2d 215; 1963. The suppression of exculpatory evidence is a violation of a defendant's constitutional rights. The Supreme Court has held that Brady disclosures must also be made at the pre-plea stage (*United States v. Ruiz*, 536 U.S. 622 (2002)).

3.      The First Department has ruled that a guilty plea can be overturned because of pre-plea Brady violations. In addition to the threshold *Brady* analysis, i.e., whether the evidence is material to the issue of guilt or punishment, the Appellate Division, First Department, has adopted a standard that also requires an analysis of whether the information, if disclosed, <u>would have materially affected the defendant's decision to plead guilty</u> (*People v Martin*, 240 AD2d 5, denied upon reconsideration, 92 NY2d 856). The Third Department has also followed this reasoning (*People v Drossos*, 291 AD2d 723).

4.      I would never have accepted the Adjournment in Contemplation of Dismissal as an outcome had I known of the 1,251 unlawful surveillance images in the criminal file. In other words, I would not have accepted the ACD if I had known that I was the victim of a felony sex crime (Unlawful Surveillance in the Second Degree; Penal Law 250.45; 1,251 counts) and that the perpetrator, Willem H. Buiter, used the spoils of his crime to have me arrested. The 1,251 unlawful surveillance images go directly to my innocence. Not only did Buiter falsely accuse me of sending him the 1,251 naked photos, which purportedly "severely annoyed and alarmed" him, the 1,251 photos also serve as evidence that the romantic relationship continued three years beyond the professed end date of November 7, 2009.

5.      In the related civil litigation, Buiter admits that the criminal file also includes a 1000 and potentially more than 2000 duplicates of emails that I purportedly sent him. This means that at least half and potentially three-quarter of the evidence in the criminal file is false. See

Exhibit C, ¶14. Moreover, Buiter misled the police and prosecution about the number of emails that he received in his home in Manhattan to make the police and the District Attorney's office believe they had jurisdiction. In reality, Buiter only moved from London to New York in March 2013, i.e., three months before my arrest. The number of emails Buiter received in his home in Manhattan is only a fraction of the emails complained of in the criminal complaint and the Information. The criminal prosecution for acts that I allegedly committed prior to March 1, 2013, i.e., the alleged sending of (unwanted) emails and the alleged (unwanted) meetings in Amsterdam and Beijing, violates not only federal due process but also international law.

6.      The purpose of an ACD is "to provide a shield against the criminal stigma" that would otherwise attach to a defendant.  *Lancaster v. Kindor*, 471 N.Y.S.2d 573, 579 (1st Dep't 1984); accord *Smith v. Bank of America Corp.*, 865 F. Supp. 2d 298, 302 (E.D.N.Y. 2012) (Weinstein, J.) (ACD designed to avoid persons charged with minor offenses being permanently designated as criminals).  When granted an ACD, a defendant "is 'entitled to the full benefit of the record sealing and expunging provisions' that attend an acquittal." *Rothstein v. Carriere*, 373 F.3d 275, 287 (2d Cir. 2004) (quoting *Hollender v. Trump Village Co-op, Inc.*, 58 N.Y.2d 420 (1983)). The arrest and prosecution become a nullity (CPL § 170.55(8)), the record of the action is sealed (CPL § 160.50(3)(b)), and the defendant shall be restored "to the status he occupied before his arrest and prosecution." CPL § 170.55(8).  The ACD statute specifically provides that "[n]o person shall suffer any disability as a result" of an ACD. Id. "The over-all effect of a consummated ACD dismissal is then to treat the charge as though it never had been brought." *Hollender*, 58 N.Y.2d at 425 (emphasis added).

6

7.      I am deprived of all the above benefits. I lost my NYU professorship, my job as a newspaper columnist, and all my lobbying and consulting business.  While the courts recognize that the "ability to earn a living is an important factor in avoiding criminality" through an ACD, *Smith*, 865 F. Supp. 2d at 300, the false accusation that I "sent Buiter naked pictures of myself masturbating", the public airing of my private conversation, and the public ridicule that followed my arrest and prosecution, make it virtually impossible for me to earn a living, more than four years after the ACD was entered.  I clearly suffer, and will continue to suffer, a "disability as a result" of my prosecution.

8.      When I found out about the 1,251 unlawful surveillance images on October 13, 2014, my attorneys asked ADA Schott for an investigation by letter of October 20, 2014. See Exhibit D. When we did not hear from ADA Schott, my attorneys on October 27, 2014, sent a letter to District Attorney Vance asking for an investigation and a dismissal of the charges. See Exhibit E. <u>We were told by ADA Nitin Savur to come back if we had more evidence</u>.[1] As soon as we had the forensic report, we again asked District Attorney Vance by letter of May 9, 2016, for an investigation and the dismissal of the charges. See Exhibit F. I was rebuffed each time.

9.      Because the news of my arrest and prosecution was reported around the globe and every detail of Buiter's lurid accusations against me is preserved on hundreds of websites, the ACD is not sufficient to return me to a state as though the prosecution "never had been brought." The "full benefit" of sealing and expunging the record did not make my arrest and prosecution a "nullity."  Nor is the ACD in any way sufficient to restore my previous status. These consequences may be understandable, and could even be justifiable, were it not for the fact that the District

---

[1]      According to ADA Savur, the ACD could also be undone once the case was sealed.

Attorney's office prosecuted the victim of a felony sex crime, that is, me, at the instigation of the perpetrator, Buiter. Therefore, I petition for a writ of coram nobis relief to undo the Adjournment in Contemplation of Dismissal; I must either be acquitted at trial or the charges against me must be dismissed in the interest of justice.

10.     Historically, the ancient writ of "error coram nobis" was used by courts to correct errors for which no other avenue of judicial relief was apparent (see e.g. *People v Hairston*, 10 NY2d 92, 93-94 [1961]; *People v Bachert*, 69 NY2d 593, 598-600 [1987]). The enactment of the Criminal Procedure Law "did not expressly abolish the common-law writ of coram nobis or necessarily embrace all of its prior or unanticipated functions" (*People v Bachert*, 69 NY2d at 599). The Court of Appeals authorized a limited exception to the one-year rule if diligent and good-faith efforts to comply with the requirement were deliberately thwarted by the People (see *People v Johnson*, 69 NY2d 339, 341-342 [1987]; *People v Thomas*, 47 NY2d at 43).

11.     The ancient writ "continues to be available to alleviate a constitutional wrong when a defendant has no other procedural recourse" (*People v Syville*, 15 NY3d 391). My counsel, Ira D. London, was <u>ineffective</u> because he did not move this Court in 2014 to undo the ACD even though I asked him to. While the instant case, strictly speaking, does not concern appellate rights, it obviously does concern constitutional wrongs where the defendant has no other procedural recourse and was deliberately thwarted by the People (*People v. Andrews* (Court of Appeals, 2014)). The constitutional wrongs are suppression of exculpatory evidence and ineffective counsel and the lack of procedural recourse is clear from Your Honor's Decision and Order of February 22, 2018.

8
## CONCLUSION

WHEREFORE, for the foregoing reasons, I respectfully petition for a writ of coram nobis relief

to vacate the Adjournment in Contemplation of Dismissal, and that this Court issue any other

relief it deems just and equitable.

Signature

HELEEN MEES
THE SWEENEY BUILDING
30 Main Street, Apt. 11H
Brooklyn, New York 11201
(917) 325-5877

*Defendant Pro Se*

Sworn to before me this 8th day of March, 2018

**CATHERINE ERCOLE**
**Notary Public - State of New York**
**No. 01ER6214008**
**Qualified in New York County**
**Commission Expires November 23, 2021**

To:     Clerk of the Court
        Hon. Steven Statsinger
        District Attorney's Office

CRIMINAL COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: PART D
-----------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

**REPLY AFFIDAVIT IN
FURTHER SUPPORT OF
PETITION FOR WRIT
OF CORAM NOBIS**

-against-                                    NO. 2013NY050589

HELEEN MEES,

                             Defendant.
-----------------------------------------------------------------------------x

## PETITION FOR WRIT OF CORAM NOBIS RELIEF

## VACATE ADJOURNMENT IN CONTEMPLATION OF DISMISSAL

**HELEEN MEES**, defendant *pro se,* declares the following to be true under the penalty of perjury:

    1.    I am the defendant in this case. I submit this reply affidavit in further support of my petition for writ of *coram nobis* relief.

    2.    In her affidavit, sworn to on April 26, 2018, Assistant District Attorney Launay, on behalf of the Manhattan District Attorney, does not dispute the facts underlying the petition:

a) Buiter surreptitiously recorded my private parts, yielding no less than 1,251 nude photos;

b)  Buiter used the 1,251 unlawful surveillance images to incite my arrest and prosecution;

c) The Manhattan District Attorney's office suppressed the exculpatory evidence;

d) Buiter handed the police and prosecution at least 1000 and potentially more than 2000 identical copies of emails;

e) The Manhattan District Attorney's office only has jurisdiction over a handful of emails, all of which were friendly entreaties;

f) Assistant District Attorney Nitin Savur assured me that the ACD could be undone after my case was dismissed and sealed.

3.      Launay includes as Exhibit A copies of the New York civil docket, suggesting that I only seek writ of coram nobis relief because my civil action was unsuccessful. That is not the case. I commenced an action in the Kings County Supreme Court in June 2014. Concurrently, I commenced a civil suit in the Netherlands, my country of origin. On June 1, 2016, the Kings County Supreme Court dismissed the complaint, foremost because it deemed my defamation claim time-barred and the other claims duplicative of the defamation claim. On November 2, 2016, the Amsterdam Court ruled *res judicata*.

4.      The Kings County Supreme Court did not consider the report by SBV Forensics in its decision. We sent the report by SBV Forensics to the Kings County Supreme Court on May 31, 2016, and the Court dismissed my complaint the very next day. For that reason, I filed a motion for leave to renew, which is scheduled to be heard on May 16, 2018. On January 2, 2018, I perfected the appeal from the June 1, 2016 order. The appeal is waiting to be calendared. The appeal in the Amsterdam Appellate Court has been adjourned until December 2018.

5.      That my primary interest is to get the ACD undone can also be deduced from the fact that we sent the report by SBV Forensics to the Manhattan District Attorney's office on May 9, 2016, and only later, on May 31, 2016, to the Kings County Supreme Court. If necessary, I will waive my right to file a malicious prosecution claim in relation to the undoing of the ACD.

3

6.      In the Memorandum of Law, Launay cites a decision of the City Court in Troy, which is untraceable. However, it seems that New York Criminal Procedure and Law §440 is not the proper relief as an ACD is a decision, not a judgment. Since Launay does not cite any decisions by an appellate court, the question whether an ACD can be vacated has either been decided in the affirmative or is still open. The decision by the City Court in Troy does not preclude Your Honor from granting my petition for writ of coram nobis relief.

7.      Launay disingenuously argues that my case is similar to *People v. Meyerson*, 165 Misc. 2d 476 (Crim.Ct. Bronx), who sought to have his ACD vacated so that he could pursue a civil action for malicious prosecution. In reaching its decision to deny the application, the court in *Meyerson* pointed out that the defendant made a reasoned decision to avoid the risk of trial. The court further noted that it was not in the interest of justice to restore the criminal case to facilitate a civil remedy.

8.      If anything, *Meyerson* lends support to my petition to restore my criminal case. The Bronx court clearly recognized that vacating an ACD is just and equitable in case the defendant could not make a reasoned decision to avoid the risk of trial. Other than the defendant in *Meyerson*, I was not able to make a reasoned decision because the Manhattan District Attorney's office suppressed exculpatory evidence.

9.      A bedrock principle of U.S. and New York law is that the prosecutor must disclose evidence or information that would prove the innocence of the defendant. *See Brady v. State of Maryland*, 373 U.S. 83 S. Ct. 1194; 10 L. Ed. 2d 215; 1963. The suppression of exculpatory evidence is a violation of my constitutional rights. The Supreme Court has held that Brady disclosures must also be made at the pre-plea stage (*United States v. Ruiz*, 536 U.S. 622 (2002)).

4

10.     The 1,251 unlawful surveillance images, if disclosed, would have materially affected my decision to accept the ACD as an outcome, just as the First Department requires in *People v Martin*. Other than in *Meyerson*, I do not seek the undoing of the ACD to facilitate a civil remedy. As noted before, I am willing to waive my right to file a malicious prosecution claim in relation to the undoing of the ACD.

11.     According to Launay, the purpose of the ACD has been accomplished because I may say there was no criminal conviction. For a victim of a felony sex crime (Unlawful Surveillance in the Second Degree; New York Penal Law §250.45; 1,251 counts) like me, that is a consolation of sorts.

12.     Launay goes on to blame me for the publicity surrounding my arrest and even goes so far as to attach old photos that she found on my Facebook page as evidence. She conveniently omits the more recent photos that are at the top of my Facebook page. Other than Launay alleges, only a few photos on my Facebook page were taken during my criminal prosecution and only people inhabiting 100 Centre Street would recognize them as such. Also, I have all in all 15 Facebook friends, 11 of whom are family members. I mainly use my Facebook account to keep track of the birthdays of my nieces and nephews, who happen to live on the other side of the pond. My Facebook account is so unimportant that it does not even show up in Google search results.

13.     Launay alleges that I created a 'wikki page' for myself, in which I included a reference to the criminal case. Nothing could be farther from the truth. The Wikipedia rules on conflict of interest prevent a person from editing his or her own Wikipedia page. I had to fight tooth and nail with Wikipedia to get a somewhat decent wikki page, as Launay calls it. Wikipedia

eventually appointed a supervisor to prevent my Wikipedia page from being vandalized all the time.

14.     Launay also alleges that I gave an interview in which I discussed the relationship with Buiter. She attaches a copy of a tweet as Exhibit D, which refers to a double interview in a Dutch newspaper in July 2017 with me and Sylvana Simons. In the 4-page interview, I literally state that I am precluded from saying anything about the Buiter case other than "the investigation into who was harassed by whom is still ongoing".

15.     The tweet that Launay attached, a photo with the caption 'Heleen Mees and Sylvana Simons: two women who know what it is to get burned and rise from the ashes', is nonetheless apposite to my petition for coram nobis relief. Sylvana Simons is a Surinam-born Dutch politician whose image in November 2016 was photoshopped in a lynching video. See Exhibit G. It gives Your Honor an idea of how my arrest and criminal prosecution are perceived in the Netherlands.

16.     Launay argues that I cannot prevail on an ineffective counsel claim as my counsel, Ira D. London Esq., engaged in a vigorous defense. I would not have argued that I was deprived of effective counsel, were it not for the 1,251 unlawful surveillance images in the criminal file.

17.     Ira London signed the letters that were sent to ADA Schott and District Attorney Cyrus Vance in October 2014 and I am grateful for that. But when ADA Nitin Savur informed me on February 10, 2015, that the charges would not be dismissed, Ira London refused the following day in a conference call to move this Court to undo the ACD even though I asked him to. See Exhibit H. I wanted the ACD undone long before there was any decision in the civil case. See Exhibit I. However, at the time I was seriously traumatized and did not have the wherewithal to retain another criminal defense attorney or move this Court by myself.

6

18.     Moreover, ADA Savur himself had reassured me that I could come back if I had more evidence and that the case could still be reopened once it was sealed. This is only one example of how ADA Savur thwarted me. Savur also refused to give me the 1,251 photo files that were part of the criminal file even after I informed him that the photos constituted exculpatory evidence. Savur made me file a FOIL request instead by which the Manhattan District Attorney's office only complied 11 months later.

19.     After meeting with my counsel on November 26, 2014, Savur waited almost three months, i.e., until February 10, 2015, to inform me that the District Attorney's office was not prepared to dismiss the charges in the interest of justice. During those three months, the District Attorney's office did literally nothing to investigate the photos nor did it interrogate the complaining witness, Buiter. What could have motivated ADA Savur to wait so long other than the wish to run out the clock on me? Twenty-six days later, on March 9, 2015, my case was dismissed and sealed because the ACD had expired.

20.     The ancient writ of coram nobis continues to be available to alleviate a constitutional wrong when a defendant has no other procedural recourse and was deliberately thwarted by the People (*People v. Andrews*).

21.     Thus, there is a procedural mechanism available and ample reason for the Court to intervene to ensure that justice is carried out in this case. What's more, the ACD was designed to provide a shield against the criminal stigma that would otherwise attach to a defendant. It is not a carpet for the District Attorney's office to swipe its prosecutorial lapses and misconduct under.

7

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, I respectfully petition for a writ of coram nobis relief

to vacate the Adjournment in Contemplation of Dismissal, and that this Court issue any other

relief it deems just and equitable.

Signature

HELEEN MEES
THE SWEENEY BUILDING
30 Main Street, Apt. 11H
Brooklyn, New York 11201
heleen@heleenmees.com
(917) 325-5877


*Defendant Pro Se*

Sworn to before me this  2  day of May, 2018

AMANDA HEYWOOD
Notary Public, State of New York
No. 04HE6193922
Qualified in Kings County
Commission Expires September 22, 2020


To:   Clerk of the Court
      Hon. Steven Statsinger
      District Attorney's Office

CRIMINAL COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: PART D
-------------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

|  | **SECOND REPLY AFFIDAVIT IN FURTHER SUPPORT OF PETITION FOR WRIT OF CORAM NOBIS** |
|---|---|

-against-

NO. 2013NY050589

HELEEN MEES,

                                        Defendant.
-------------------------------------------------------------------------------x

## PETITION FOR WRIT OF CORAM NOBIS RELIEF

## VACATE ADJOURNMENT IN CONTEMPLATION OF DISMISSAL

**HELEEN MEES**, defendant *pro se,* declares the following to be true under the penalty of perjury:

1.      I am the defendant in this case. I submit this second reply affidavit in further support of my petition for writ of *coram nobis* relief.

2.      In her affidavit, sworn to on May 22, 2018, Assistant District Attorney Audrey Launay makes a classless attempt to undermine my petition for writ of *coram nobis* relief.

3.      Indeed. I never met ADA Savur in person but my counsels, Olav Haazen Esq. and Brooke Alexander Esq., did meet with Savur on my behalf on November 26, 2014. My counsels also spoke with Savur by phone for almost an hour on February 10, 2015. During that phone call, Savur told my counsels to come back if we had more evidence and assured them that the case could still be reopened once it was sealed. See Exhibit J. Therefore, I can rightfully say that ADA Savur reassured me that my case could still be reopened once it was sealed.

2

4.      Launay suggests that I am still engaging the complaining witness, Willem Buiter, by way of litigation. Nothing could be farther from the truth. My counsel, Ira D. London Esq., asked Your Honor explicitly for permission to start civil litigation when the ACD was entered. See Exhibit K. Even though I am now acting *pro se* in all legal proceedings, any contact with Buiter is solely through his legal counsels, Adrienne Koch Esq. and Tim Keane Esq., who in turn are acting on behalf of Buiter's insurance company.

5.      Launay notes that I duly complied with the conditions of the ACD as I completed the 12 therapy sessions. But that is beside the point. The ACD was entered on March 10, 2014. I finished the mandatory therapy sessions early May 2014. I only found out that 1,251 unlawful surveillance images were used to incite my arrest on October 13, 2014. After I found out about the 1,251 unlawful surveillance images, I repeatedly suggested to my counsels, Olav Haazen and Ira D. London, that I would contact Buiter by email with a copy conform to ADA Savur to demand a public trial. But my counsels warned me against it, saying that doing so would get me cited for contempt of court and thus do little to clear my name.

6.      Buiter went to the police on May 6, 2013. When the police told him that they were not going to arrest me based on a handful of emails saying "I miss you" and "When will I see you again?", Buiter retained a high-profile criminal defense attorney, Charles Clayman Esq., and two private investigators to bring about my arrest. The private investigators subsequently handed the police the 1,251 nude photos. The police only then, on July 1, 2013, made the arrest. The criminal complaint literally accuses me of sending Buiter "naked pictures of [myself] masturbating" that purportedly severely annoyed and alarmed him.

3

7.      During plea discussions, ADAs Launay and Schott never mentioned the 1,251 unlawful surveillance images in the criminal file to my counsels even though I clearly stated in the motion to dismiss that I did not send Buiter naked photos of myself. Launay and Schott, instead, used ridiculous arguments to implicate me. They argued, for example, that the fact that Buiter and I more often spent the night in his hotel in Manhattan than in my apartment in Brooklyn somehow proved that I harassed Buiter. Why did Launay and Schott not say that I harassed Buiter by sending him more than a thousand explicit photos of myself? It stands to reason that the Manhattan District Attorney's office knew all along that I was the victim, not Buiter.

8.      If ADA Launay had read the report by SBV Forensics, she would have known that the 1,251 unlawful surveillance images are not stills from videos. The 1,251 unlawful surveillance images are, instead, screenshots that Buiter made without my consent during our romantic interactions via Skype webcam, which constitutes a felony sex crime under New York Penal Law § 250.45 (Unlawful Surveillance in the Second Degree, 1,251 counts). *See New York v. Piznarski*, NY Slip Op. 08157 (3rd Dept., 2013). I never consented to being recorded and, in fact, told Buiter not to.

9.      Calling Buiter a victim is preposterous. I had hoped for the Manhattan District Attorney's office to be less deferential towards powerful men.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, I respectfully petition for a writ of coram nobis relief to vacate the Adjournment in Contemplation of Dismissal, and that this Court issue any other relief it deems just and equitable.

4

Signature

HELEEN MEES
THE SWEENEY BUILDING
30 Main Street, Apt. 11H
Brooklyn, New York 11201
heleen@heleenmees.com
(917) 325-5877

*Defendant Pro Se*

State of New York
County of New York

Sworn to before me this 29th day of May, 2018

PAULA ORTEGA
Notary Public, State of New York
Reg. No. 03OR6355762
Qualified in New York County
Commission Expires March 13, 2021

To:    Clerk of the Court
       Hon. Steven Statsinger
       District Attorney's Office