USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Heleen Mees,

            Plaintiff,

–v–

City of New York, *et al.*,

            Defendants.

19-cv-7346 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On January 8, 2020, the Court denied Plaintiff's motion for leave to file a late notice of claim. Dkt. No. 43. Plaintiff now moves for reconsideration of that decision. Dkt. No. 49. "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). A movant must typically "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). These requirements are stringent because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-cv-6276, 2018 U.S. Dist. LEXIS 5997, at *4-*5 (S.D.N.Y. Jan. 12, 2018) (quotation omitted). For this reason, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a

1

vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

The Court denied Plaintiff's initial motion as untimely, rejecting her argument that her claims accrued in July of 2019. Plaintiff argued that her claims accrued in July of 2019, which as was when the Appellate Term denied her motion to reconsider her motion for leave to appeal, because she continued to suffer damages from Defendants' earlier, allegedly unlawful actions. But the Court concluded that the fact that Plaintiff may have continued to suffer damages did not extend the accrual date of her claims. In her motion for reconsideration, Plaintiff does not identify any controlling authority to the contrary. Instead, Plaintiff appears to switch gears and argue that that the Defendants' opposition to her motion in state court is itself actionable conduct for which she seeks to sue. However, Plaintiff never raised this argument in her initial motion. And "a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court." *Seoul Viosys Co. v. P3 Int'l Corp.*, No. 16-cv-6276, 2018 U.S. Dist. LEXIS 5997, at *5 (S.D.N.Y. Jan. 12, 2018) (quotation omitted). That Plaintiff did not file a reply brief to her initial motion is irrelevant because "new arguments may not be made in a reply brief." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (per curiam).

Even if the Court were to consider Plaintiff's arguments without regard to the reconsideration standard, her motion would still fail. The notice of claim that she seeks to file states an intent to sue the individual defendants for "for suppressing material exculpatory evidence during plea discussions" and the City for "vicarious liability." Dkt. No. 49-2. The proposed notice of claim states that she seeks to sue for this conduct under Section 1983 and

various state tort theories. It also states that she "plan[s] to commence a 42 U.S.C. § 1983 action against the Manhattan District Attorney's office for violating my right to due process by suppressing material exculpatory evidence and thwarting me by telling me that the ACD could still be undone after it had expired." *Id.* Even construing the proposed notice of claim generously, it does not give notice of an intent to sue Defendants under state tort law for their opposition to Plaintiff's state court motion in the Appellate Term. The timeliness of a notice of claim must logically be based on the claims asserted within the notice of claim. *See* N.Y. Gen. Mun. § 50-i(1) (timeliness of a notice of claim is measured from "the happening of the event upon which the claim is based"). Defendants' conduct in the Appellate Term does not extend the accrual date for the claims that Plaintiff actually intends to pursue in her proposed notice of claim.

The Court therefore denies Plaintiff's motion for reconsideration. Pursuant to the Court's Order of February 28, 2020, Defendants' motion to dismiss is due two weeks from the date of this Order.

This resolves Dkt. No. 49

SO ORDERED.

Dated: April 7, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge