USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Heleen Mees,

Plaintiff,

–v–

City of New York, *et al.*,

Defendants.

19-cv-7346 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Plaintiff has moved for a partial entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) to facilitate immediate appeal the Court's order of April 7, 2020.  "The policy against piecemeal appeals requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly."  *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quotation omitted).  The only reason given by Plaintiff as to why her motion should be granted is that she is concerned that the statute of limitations period for the state law claims at issue will expire during the pendency of this litigation.  But this is not so.

The filing of a motion for leave to file late notice of claim serves to "toll the running of the Statute of Limitations" for the relevant claims.  *Giblin v. Nassau County Medical Center*, 459 N.E.2d 856, 859 (N.Y. 1984); *see also Stevenson v. County of Monroe*, 473 N.E.2d 237, 237 (N.Y. 1984) ("With respect to the contention that the case should be held to be moot, on the ground that the time for serving the complaint expired after the motion to file a late notice of claim was made, we would note that the running of the statute was tolled once the motion was

1

made.").  That is, when Plaintiff filed her motion for leave to file a late notice of claim on

December 23, 2019, it paused the one year and ninety-day countdown on her claims, to the

extent that they were not already untimely.  And if Plaintiff succeeds in arguing on appeal that

this Court should have granted her December 23, 2019 motion, then the pause will remain "until

the order granting that relief [goes] into effect."  *Giblin*, 459 N.E.2d at 858.  Thus, any additional

wait before Plaintiff can receive appellate review of this Court's denial of her motion to file a

late notice of claim will not cause the claims at issue to become untimely.

Plaintiff's concerns are unfounded.  The Court denies her motion for Rule 54(b) partial

entry of final judgment.

This resolves Dkt. No. 68.


SO ORDERED.


Dated: May  19 , 2020
       New York, New York

_____
        ALISON J. NATHAN
     United States District Judge