UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/21
```

Heleen Mees,

                    Plaintiff,

        —v—

City of New York, *et al.*,

                    Defendants.

19-cv-7346 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

Earlier this year, the Court dismissed Dr. Heleen Mees's pro se complaint seeking to void a state-court criminal disposition and obtain damages and equitable relief against state prosecutors and the City of New York. *Mees v. City of New York*, No. 19-cv-7346 (AJN), 2021 WL 1164300 (S.D.N.Y. Mar. 25, 2021). Dr. Mees now moves for reconsideration, contending that she should be allowed to plead additional facts in support of her claims for municipal liability. But the Court's dismissal of Dr. Mees's municipal liability claims rested on a separate and independent ground: those claims are time-barred. Because those claims cannot succeed even if Dr. Mees could plausibly allege a municipal policy or custom, and because she does not meet the high bar for reconsideration, the Court denies her motion.

I.      **Background**

The Court described the allegations in Dr. Mees's complaint in greater detail in its earlier opinion and does not repeat them now. In brief, Dr. Mees alleged that a prominent New York economist fabricated harassment claims against her and prosecutors withheld evidence that the charges were spurious. *See Mees*, 2021 WL 1164300, at *1–2. She asked this Court to vacate

the disposition in her state-court case and sought damages and injunctive relief against the prosecutors and City.  After the City and prosecutors moved to dismiss, the Court provided Dr. Mees an opportunity to amend her complaint, and she amended it to add further factual allegations.

The Court dismissed Dr. Mees's claims without leave to further amend.  It concluded that it lacked jurisdiction over her claims seeking to overturn the disposition in her state-court case under principles of judicial federalism.  *Id.* at *3–4.  It found that her remaining claims were time-barred under the statute of limitations for claims under 42 U.S.C. § 1983.  *Id.* at *4–5.  The Court also noted that Dr. Mees's claims could not succeed even if timely because she had not pled facts to overcome prosecutorial immunity or establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Dr. Mees now moves for reconsideration.  Dkt. No. 81.  She contends that she plausibly alleged a municipal policy supporting liability under *Monell*, or at least could do so if granted leave to amend her complaint again.  Her motion does not address the timeliness of her claims.

## II.    Legal Standard

The standard for granting a motion for reconsideration is "strict," and reconsideration should generally be denied absent exceptional circumstances.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

## III.    Discussion

Dr. Mees has not met the high bar for reconsideration here.  Most importantly, her motion does not address the primary ground on which the Court dismissed her municipal liability claims. Those claims were subject to a three-year statute of limitations and accrued no later than October 2014.  *Mees*, 2021 WL 1164300, at *4; *see Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Okure v. Owens*, 488 U.S. 235, 251 (1989).  Dr. Mees filed suit more than three years later in August 2019 and her claims are thus untimely.  *Mees*, 2021 WL 1164300, at *4.  Dr. Mees does not seek reconsideration of this decision or propose any further allegations she could plead that would affect the Court's analysis of the timeliness of her claims.  This was an independent and sufficient ground for the Court's dismissal of Dr. Mees's municipal liability claims and remains an independent and sufficient ground to deny her motion for reconsideration.

The Court also finds that Dr. Mees has not identified an intervening change of controlling law, new evidence, or clear error warranting reconsideration of the Court's decision.  The Court explained that Dr. Mees's claims for municipal liability could not succeed even if timely because she had not alleged a municipal policy or custom.  *Id.* at 5.  Although she points to other cases in which courts have found *Brady* violations by the Manhattan District Attorney's Officer, she has alleged no facts (nor proposed any facts she could add to a second amended complaint) that would plausibly suggest that the City was on notice of "the sort of *Brady* violation at issue here." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

The Court declines to address Dr. Mees's new tolling argument raised for the first time in her reply brief, and in any case remains convinced that New York law did not toll the statute of limitations for her claims for the reasons set forth in the Court's prior opinion.  *See Clubside, Inc.*

3

*v. Valentin*, 468 F.3d 144, 159 n. 5 (2d Cir.2006); *Mateo v. Bristow*, No. 12-cv-5052 (RJS), 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013).

## Conclusion

For the foregoing reasons, the Court DENIES Dr. Mees's motion for reconsideration (Dkt. No. 81).

SO ORDERED.

Dated: August 9, 2021
       New York, New York        _____
                                              ALISON J. NATHAN
                                          United States District Judge

4